IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| James Messerschmidt, ) | |
| ) | |
| Plaintiff, ) | Case No: 1:21-cv-05376 |
| v. ) | |
| ) | Judge Robert M. Dow, Jr. |
| CTE Publications, Inc. and Hurco ) | |
| Companies, Inc., ) | |
| ) | |
| Defendant. ) | |

## JOINT INITIAL STATUS REPORT

Pursuant to this Court's Minute entry dated October 28, 2021 (Doc. No. 7) directing the parties to file an initial status report by November 29, 2021, relating to the initial telephone conference set for Thursday, December 2, 2021 at 9:00 a.m., the parties submit the following:

Nature of the Case:

A. The attorneys of record for each party, including the attorney(s) expected to try the case.

| | |
|---|---|
| SANDERS LAW GROUP<br>Craig B. Sanders<br>100 Garden City Plaza, Suite 500<br>Garden City, NY 11530<br>Tel: (516) 203-7600<br>csanders@sanderslaw.group<br>*Attorneys for Plaintiff*<br>*LEAD TRIAL ATTORNEY TO BE NOTICED* | BARON HARRIS HEALEY<br>Brendan J. Healey<br>Sharon R. Albrecht<br>150 South Wacker Drive, Suite 2400<br>Chicago, IL 60606<br>Tel: (312) 741-1027<br>bhealey@bhhlawfirm.com<br>salbrecht@bhhlawfirm.com<br>*Attorneys for Defendant CTE Publications, Inc.* |
| | HINKHOUSE WILLIAMS WALSH LLP<br>John T. Williams<br>Jason H. Nash<br>Craig W. Mandell<br>180 N. Stetson Ave., Suite 3400<br>Chicago, IL 60601<br>Telephone: (312) 784-5400<br>jwilliams@hww-law.com<br>jnash@hww-law.com<br>cmandell@hww-law.com<br>*Attorneys for Defendant Hurco Companies, Inc.* |

B.     The basis for federal jurisdiction.

    This Court has subject matter jurisdiction over the federal copyright infringement claims pursuant to 28 U.S.C. §1338(a) and 28 U.S.C. §1331.

C.     The nature of the claims asserted in the complaint and any counterclaim.

    **Plaintiff's response**: Plaintiff has asserted a claim for copyright infringement pursuant to 17 U.S.C. §504 based upon Plaintiff's allegation that Defendants willfully stored and displayed a photograph of Charles Boyce, president of Boyce Technologies on their respective Websites, which Plaintiff alleges is registered with the United States Copyright Office under registration number VA 2-209-732.

    **Defendant CTE's response**: CTE does not intend to assert a claim in this action.

    **Defendant Hurco's response**: Hurco intends to move to dismiss Plaintiff's Complaint for lack of personal jurisdiction. Subject to and without waiving Hurco's right to challenge the assertion of personal jurisdiction against it, Hurco is not yet in a position to assess the possibility of counterclaims but reserves its right assert any and all such claims.

D.     The name of any party who or which has not been served, and any fact or circumstance related to non-service of process on such party.

    None.

E.     The principal legal issues and factual issues.

    **Plaintiff's response**: Plaintiff will establish that he authored and properly registered the subject photograph for which a certificate of registration was issued by the Copyright Office. As such, Plaintiff can demonstrate that he owns a valid copyright to the work. Plaintiff can also establish that Defendants copied the work and uploaded it to their webpages without authorization despite its copyright protection. Accordingly, Plaintiff can establish that the Defendants encroached on the copyright and are liable for copyright infringement, actual or statutory damages and attorneys' fees and costs.

    **Defendant CTE's response**: CTE asserts a fair use defense based on its editorial use of the photograph, denies that any infringement was willful, and seeks a reduction in damages as an "innocent infringer." CTE also intends to assert that the lack of licensing history for the photograph should mitigate damages if liability is found.

    **Defendant Hurco's response**: The current principal legal issue is whether Plaintiffs' Complaint alleges facts upon which personal jurisdiction could be asserted over Hurco. Subject to and without waiving Hurco's right to challenge the assertion of personal jurisdiction against it, Hurco expects that the principal legal and factual issues include: (i)

authorship, creation, registration, and ownership of the allegedly infringed photograph; (ii) access, if any; (iii) factual copying, if any; (iv) actionable copying, if any; (v) Hurco's good faith and the absence of willfulness; (vi) affirmative defenses to be determined, including but not limited to fair use; and (vii) the appropriate measure of Plaintiff's claims for damages, if any.

F. Whether a jury trial has been demanded by any party.

**Plaintiff's and Defendant CTE's response**: Plaintiff has demanded a jury trial.

**Defendant Hurco's response**: Hurco intends to move to dismiss Plaintiff's Complaint for lack of personal jurisdiction and has not been called upon to demand a jury trial. If and when appropriate, Hurco reserves its right to demand a jury trial.

Discovery and Motions

G. A brief description of any discovery that has been taken and of the discovery anticipated to be required.

**Plaintiff's response**: The parties have not yet exchanged discovery. Discovery will be sought on all allegations and claims asserted in Plaintiff's Complaint and allegations and defenses raised in defendants' answers once filed, if any. Plaintiff anticipates discovery will be conducted through (including but not limited to) interrogatories, requests for production of documents, requests for admission and deposition(s).

**Defendant CTE's response**: Defendant CTE agrees with Plaintiff's statement, and CTE also intends to seek discovery on the licensing history of the photograph.

**Defendant Hurco's response**: If an when appropriate, Hurco currently anticipates, at a minimum and in addition to the discovery anticipated by Plaintiff and Defendant CTE, discovery will be needed on the following issues: (i) authorship, creation, registration, and ownership of the allegedly infringed photograph; and (ii) the appropriate measure of Plaintiff's claims for damages, if any.

H. Suggested dates for discovery deadlines and cutoff. Parties are reminded of their discovery obligations under Fed. R. Civ. P. 26 and Local Rule 26.1.

**Plaintiff's and Defendant CTE's response**:

- Rule 26(a)(1) Disclosure deadline: December 17, 2021

- Completion of Fact Discovery deadline: May 3, 2021

- Completion of Discovery deadline: June 3, 2021

**Defendant Hurco's response:** Hurco intends to move to dismiss Plaintiff's Complaint for lack of personal jurisdiction. Hurco accordingly cannot participate in discovery pending

        adjudication of its motion.

I.      If reasonably ascertainable at this early stage of the case, the earliest date the parties would be ready for trial and the estimated length of trial.

        The parties have not yet ascertained the date the matter would be ready for trial. The parties estimate 1-2 days for the length of trial.

J.      Identify any pending motions.

        **Plaintiff's response**: There are no outstanding motions, nor outstanding requests to file motions.

        **Defendant CTE's response**: Defendant CTE agrees with Plaintiff's statement.

        **Defendant Hurco's response**: Hurco intends to move to dismiss Plaintiff's Complaint for lack of personal jurisdiction.

<u>Settlement and Referrals</u>

K.      Whether the parties consent unanimously to proceed before a Magistrate Judge.

        The parties do not unanimously consent.

L.      The status of any settlement discussions.

        **Plaintiff's response**: Plaintiff has had a preliminary discussion regarding early resolution with Defendant CTE. Plaintiff has not yet had settlement discussions with Defendant Hurco. While a settlement has not yet been reached, Plaintiff remains open to early resolution of this matter and will endeavor to negotiate in good faith to reach an early resolution.

        **Defendant CTE's response**: Defendant CTE agrees with Plaintiff's statement and will endeavor to negotiate an early resolution.

        **Defendant Hurco's response**: Hurco also is willing to consider the potential early resolution of this matter. No settlement discussions with Plaintiff have yet been conducted.

M.      Whether the parties request a settlement conference.

The parties believe a settlement conference is premature at this time, but may request one in the future.

Dated: November 29, 2021

| | |
|---|---|
| **SANDERS LAW GROUP** | **BARON HARRIS HEALEY** |
| By: /s/ *Craig B. Sanders* | By: /s/ *Brendan J. Healey* |
| Craig B. Sanders | Brendan J. Healey |
| 100 Garden City Plaza, Suite 500 | Sharon R. Albrecht |
| Garden City, NY 11530 | 150 South Wacker Drive, Suite 2400 |
| (516) 203-7600 | Chicago, IL 60606 |
| csanders@sanderslaw.group | Tel: (312) 741-1027 |
| Attorneys for Plaintiff | bhealey@bhhlawfirm.com |
| | salbrecht@bhhlawfirm.com |
| | *Attorneys for Defendant CTE Publications, Inc.* |
| | |
| | **HINKHOUSE WILLIAMS WALSH LLP** |
| | By: /s/ *Craig W. Mandell* |
| | John T. Williams |
| | Jason H. Nash |
| | Craig W. Mandell |
| | 180 N. Stetson Ave., Suite 3400 |
| | Chicago, IL 60601 |
| | Telephone: (312) 784-5400 |
| | *Attorneys for Defendant Hurco Companies, Inc.* |